UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CLYDE E. WILLIAMS, JR.,

        Petitioner,

        v.                    CAUSE NO.: 1:18-CV-15-WL-SLC

SHERIFF REGGIE NEVELS,

        Respondent.

OPINION AND ORDER

Clyde E. Williams, Jr., a prisoner without a lawyer, filed a habeas corpus petition

attempting to challenge his guilty plea as a Habitual Traffic Violator and 18 month

sentence on December 11, 2017, by the Grant Superior Court under cause number

27D02-1410-F5-036. Before considering the merits of a habeas petition, however, the

court must ensure that the petitioner has exhausted all available remedies in state court

as required by 28 U.S.C. § 2254(b)(1)(A).

> Inherent in the habeas petitioner's obligation to exhaust his state court
> remedies before seeking relief in habeas corpus, *see* 28 U.S.C. §
> 2254(b)(1)(A), is the duty to fairly present his federal claims to the state
> courts. . .. Fair presentment in turn requires the petitioner to assert his
> federal claim through one complete round of state-court review, either on
> direct appeal of his conviction or in post-conviction proceedings. This
> means that the petitioner must raise the issue at each and every level in
> the state court system, including levels at which review is discretionary
> rather than mandatory.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004) (internal citations and quotation

marks omitted).

Williams argues that he should not be required to exhaust because doing so will take too long. In rare instances, federal courts may dispense with the exhaustion requirement because delay on the part of the state has led to injustice to the petitioner. *See Granberry v. Greer*, 481 U.S. 129, 135-36 (1987); *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). To qualify for this exception, the delay must be both "inordinate" and "unjustifiable." *Jackson*, 112 F.3d at 881. Thus, where a petition for post-conviction relief "had lain dormant for nearly three and one-half years" despite the petitioner's attempts to obtain a ruling, the Seventh Circuit found a basis to excuse the exhaustion requirement, unless the state could show that the delay was justified. *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981); *see also Jackson*, 112 F.3d at 878-79 (stating in *dicta* that the state's failure to take any action on post-conviction petition for more than five years could provide grounds for excusing the exhaustion requirement).

However, Williams does not qualify for this exception. He was sentenced only last month. Though he speculates the process of challenging his conviction in State court would be slow, he has made no effort to do so. To date, there has been no delay, much less inordinate and unjustifiable delay.

When dismissing a habeas petition as unexhausted, the court must consider whether the statute of limitations has expired or is so close to expiring that dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (2006). Here, the 1-year period of limitation began on January 11, 2018. *See* 28 U.S.C. § 2244(d)(1)(A) and Ind. R. App. P. 9. Moreover, when Williams properly files a

collateral attack on his conviction in State court, that will toll the statute of limitations.

*See* 28 U.S.C. § 2244(d)(2). Therefore there is no basis for staying this proceeding.

For these reasons, the petition is DISMISSED WITHOUT PREJUDICE pursuant

to Section 2254 Habeas Corpus Rule 4 because it is unexhausted.

SO ORDERED on January 26, 2018.

s/William C. Lee
JUDGE
UNITED STATES DISTRICT COURT
